PER CURIAM.
The appellant, plaintiff below, appeals from an order of the trial court dismissing the petition and discharging the writ of habeas corpus.
The appellant is the mother of two young girls whom she voluntarily placed in the custody of the two appellees in March of 1962. The children were about one year old at that time. Appellant gave the two girls to the appellees because she was financially unable to care for them and she was in the midst of a legal suit with their father for custody of an older daughter. The appellant and the appellees were cousins.
In June, 1962, the two girls went to Virginia with the appellant and stayed there until December, 1962. At that time the girls were returned to the appellees and have resided with them ever since.
The appellant filed a petition for writ of habeas corpus in the Circuit Court of Polk County, which was answered by the appel-lees, and the testimony was heard by the *498 circuit judge. The judge ruled in favor of Mr. and Mrs. Nelson and discharged the writ of habeas corpus that had previously-been issued.
Judge Stephenson, in his order discharging the writ and dismissing the petition, stated that the court heard, on behalf of the plaintiff, Joyce Day, the testimony of the plaintiff, and on behalf of the defendant heard the testimony of Dr. John Smythe and his wife, Rosina Smythe, the Reverend Mr. Herbert E. Beck, George Smith, Lila Jacobson, Jere L. Stambaugh, Sr., Frank M. Alexander, Jack D. Summers, Carroll Teeter, Anne Bowen, Harlan P. Snoots and the defendants, Herbert and Ann Nelson, his wife.
We are quoting in part the opinion and order of the trial court and adopting it as the opinion of this court.
“The testimony of the Plaintiff was to the effect that for various personal and financial reasons, she delivered her twin girls, Becke Lu and Conne Jo Traylor to the care and custody of the Defendants, Herbert Nelson and his wife, Ann Nelson. With the exception of one brief interval, the children have remained continuously with the Nelsons since March of 1962. The Plaintiff testified that at the time of her original delivery of the twins, to the Nelsons in March of 1962, when the twins were one year old, she was financially unable to support and care for them and was otherwise unable to care for them due to a custody battle with her former husband, James R. Tray-lor, over the custody of an older child.
“The testimony presented on behalf of the Defendants indicated that the twin girls, who have been affectionately renamed, Stacy and Tracy Nelson, were extremely emotionally insecure when they first came to live with the Defendants. It was the unanimous testimony of the witnesses presented by the Defendants that the twins, through the love and care that those witnesses have observed the children receiving in the home of the Defendants, have now become normal emotionally stable children. The medical evidence and other expert testimony presented by the Defendants was in unanimous agreement that a change from the secure environment presently enjoyed by the twins would be detrimental to their emotional health, welfare and best interests.
“The testimony of the neighbors and friends of the Defendants indicated that the children have been and are currently receiving love and'affection in a Christian home and environment and that the children are currently being provided with all the necessities of life. Further, it was uncontroverted that Mr. Nelson is a respected member of the business community and that Mrs. Nelson is an able, capable and loving mother.
“The testimony of the Defendants indicated their love for the children and their desire to continue to care for and raise the twins as they have in the past. The Nelsons also indicated their plans to provide a college education for the twins. The Defendants also testified that the twin girls were placed in their care by the natural mother with the natural mother’s consent and that the Plaintiff has not contributed, nor has she been asked to contribute, to the twins’ financial support.
“The Court having weighed all the testimony finds that the natural mother voluntarily placed the twins with the Defendants and abandoned them to the care of the Defendants. The Court further finds that the best interests of the children will be served by their remaining with the Defendants who have raised them for the past five years. It is thereupon
“ORDERED, ADJUDGED and DECREED :
“1. That the custody of the two minor children, Becke Lu and Conne Jo Traylor, also known as Stacy and Tracy Nelson, is hereby granted to the Defendants here *499 in, and that said minor children shall remain in their custody pending further order of the Court.
“2. That the Petition for Writ of Ha-beas Corpus is dismissed and the Writ of Habeas Corpus is discharged.
“DONE and ORDERED in Chambers at Bartow, Polk County, Florida this 28th day of August, 1967.”
We have read the entire testimony adduced before Judge Stephenson and concur in his conclusions and order.
Affirmed.
LILES, C. J., and ALLEN and HOB-SON, JJ., concur.